## TERRITORY OF OKLAHOMA v. ALBERT TERRELL.

(Filed February 18, 1902.)

1. **JUDICIAL DISTRICTS—Assignment of Judges.** The organic act of this territory and the act of congress approved December 21, 1893, vests in the supreme court the power to define the judicial districts in this territory and to fix the times and places at each county seat in each district where the district court shall be held and designate the judge who shall preside therein. And the supreme court or the chief justice thereof may designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel, or is of kin to either party to the action, or interested, or is biased or prejudiced in the cause, or if for any other reason said judge is unable to hold court.

2. **ASSIGNED JUDGE—Powers.** Where the supreme court assigns one of the justices to another district to try, hear and determine all matters and business that may come before him during said assignment and during the absence of the regular presiding judge of said district, said justice has the same power and jurisdiction possessed by the regular presiding judge of that district and is, for the time being, the judge of said district.

3. **GRAND JURY NOT DISMISSED—Assignment of Judge.** Where the regular presiding judge has impaneled the grand jury and is then assigned by the supreme court to hold court in another county and in another district and one of the justices of the supreme court is assigned to hold his court during his absence from said district does not, by operation of law, discharge the grand jury on the ground that the judge of that district is holding court in some other county of the Territory within the purview of section 14, chapter 41 of the Session Laws of 1895.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before Jno. L. McAtee, Trial Judge.*

W. O. *Cromwell,* County Attorney, and C. J. *West,* Deputy County Attorney, for plaintiff in error.

M. C. *Garber* and W. S. *Denton,* for defendant in error.

—29

Opinion by the court by

HAINER, J.: The appellee, Albert Terrell, was indicted in the district court of Garfield county of the crime of an assault with intent to kill on the 27th day of February, 1901. On March 5, 1901, the defendant filed a motion to set aside the indictment based upon the following ground: "Because the grand jury that returned said indictment was not legally in session, the same having been discharged by operation of law, the judge of this district, Hon. John L. McAtee, having held court in another county of this territory, after the impaneling of said grand jury on the 14th day of February, 1901, and before the 27th day of February, 1901, the day upon which the indictment herein was returned." The record shows that Associate Justice Hainer had been assigned by the supreme court to hold court in the fifth judicial district. The order of the supreme court is as follows:

"That the Hon. Bayard T. Hainer, associate justice of the supreme court, and presiding judge of the Fourth judicial district, be and he is hereby assigned to try all cases pending in Garfield county, in the Fifth judicial district, wherein the Hon. Jno. L. McAtee, associate justice and presiding judge of the Fifth judicial district, is disqualified, and to try, hear and determine all other matters and business that may come before him, the Hon. Bayard T. Hainer, during this assignment and the absence of the regular presiding judge from said Fifth district.

"It is further ordered, that the clerk transmit a certified copy of this order, attested by his official signature and the seal of this court to the said Justice Hainer and Justice McAtee, and to the clerk of the district court of Noble county

and each of the district courts of the said Fifth judicial district."

A like order was made assigning Associate Justice McAtee to hold court in the Fourth Judicial district. The record shows that while Justice Hainer was holding court in the Fifth judicial district Justice McAtee was holding court in the Fourth judicial district.

Section 14, chapter 41, of the Session Laws of 1895, provides as follows:

"On the completion of the business before the grand jury or whenever the court shall be of the opinion that the public interests will not be subserved by further continuance of the session, the grand jury must be discharged, but whether the business be completed or not they are discharged by the final adjournment of the court, or by the judge of the district court holding court in some other county of the territory."

The contention of the counsel for defendant is that since Justice McAtee, the regular presiding judge of the Fifth judicial district, had been assigned by order of the supreme court to the Fourth judicial district that the grand jury was thereby, by operation of law, discharged and no business could be transacted and no indictment could be found and returned by them during the period that Justice Hainer was holding court in the Fifth judicial district. We think that the proposition urged by counsel for defendant is not well founded.

Section 9 of the organic act of this territory provides as follows:

"The supreme court shall define said judicial districts and shall fix the times and places at each county seat in

each district where the district court shall be held and designate the judge who shall preside therein."

Section 3 of the act of congress approved December 21, 1893, Stat. at Large, 20, is as follows:

"That the said territory shall be divided into five judicial districts, and a district court shall be held in each county, as now provided by law. The supreme court of said territory shall define said judicial districts, and shall fix the times and places at each county seat in each district where the district court shall be held, and designate the judge who shall preside therein. Each judge, after assignment, shall reside in the district to which he is assigned. The supreme court of said territory, or the chief justice thereof, may designate any judge to try a particular case or cases in any district when the judge of said district has been of counsel, or is of kin to either party to the action, or interested, or is biased or prejudiced in the cause, or if for any other reason said judge is unable to hold court."

We think that under the provision of the organic act and the federal statute above referred to that Justice Hainer having been assigned to the Fifth judicial district by order of the supreme court to try, hear and determine all matters and business that may come before him during said assignment and in the absence of the regular presiding judge of the Fifth judicial district had the same power and jurisdiction as the regular judge of that district, and Judge McAtee had the same power and the same jurisdiction in the Fourth judicial district. It would be a very narrow construction to hold that Justice Hainer had the power and jurisdiction to try and determine all causes pending in the Fifth judicial district but that he was powerless to receive an indictment from the grand jury, and the fact that

Justice McAtee was assigned to another judicial district in this territory that thereby the grand jury of Garfield county which had been impaneled by him, was, by the operation of law, dissolved.   We think the clear intent and purpose of the act of the legislature was to prevent the judge from holding court in some other county in the district or territory while the grand jury was in session and in the absence of the presiding judge.   Manifestly it was not intended to operate as a discharge of the grand jury when another judge was assigned to the district and was holding court in such district at the time and place where the grand jury was in session, and while the regular presiding judge was holding court in another district.   It must therefore follow that the grand jury was legally in session at the time the indictment in this case was found and returned and the court erred in sustaining the motion to set it aside.

The judgment of the district court is, therefore, reversed, and the cause remanded with directions to overrule the motion to set aside the indictment.

McAtee, J., who presided in the court below, not sitting; all the other Justices concurrnig.