## STATE v. CHILDERS.

No. 17198—Opinion Filed Sept. 21, 1926.

Rehearing Denied Jan. 18, 1927.

(Syllabus.)

1. **Grand Jury—Substantial Compliance With Statute in Empaneling—Order for Drawing of Larger Number Than Prescribed by Statute.**

The statutes of this state governing the drawing, summoning, and empaneling of grand juries is not mandatory, but directory, and where it appears that the court orders a larger number drawn than is provided for in section 3517, C. O. S. 1921, the same is not per se such error as would warrant the court in quashing an indictment or accusation returned by the grand jury, but such action on the part of the court can under such conditions justify quashing the indictment or accusation only where it is made to appear that the party accused has by the action of the court in not following strictly the statute been deprived of a substantial right.

2. **Grand Jury—Jury not Discharged by Judge Holding Court in Another County During Adjournment of Jury.**

Where a grand jury is empaneled and after working several days adjourns on Friday until Monday, and the judge presiding over the court leaves the county in which the grand jury is so empaneled and holds a session of court in another county of the state on Saturday, this action on the part of the judge does not, under section 2532, operate to discharge the jury. This action on the part of the judge does not warrant the quashing of an accusation returned by the grand jury after it had reconvened.

Error from District Court, Pushmataha County; G. M. Barrett, Judge.

From judgment dismissing accusation against George R. Childers, County Judge, the State brings error. Reversed.

George F. Short, Atty. Gen., by William L. Murphy, Asst. Atty. Gen., for plaintiff in error.

Welch & Welch, for defendant in error.

BRANSON, V. C. J. The appeal herein is prosecuted by the state of Oklahoma from an order and judgment of the district court of Pushmataha county granted on the 24th day of November, 1925. On that date the judgment of the district court was entered quashing and dismissing an accusation theretofore filed by a grand jury charging George R. Childers, as county judge of said county, with habitual and willful neglect of duty and willful maladministration in office. There are several counts to the accusation rendered by the grand jury, further details as to which we deem unnecessary. Notice was duly given to the said George R. Childers, as provided by statute, of the accusation, and responding thereto the accused filed a motion to quash and set aside the accusation. The only grounds of the motion to quash here for consideration are:

"First: That the grand jury was not drawn and empaneled as provided by law.

"Second: That the presiding judge left Pushmataha county and held court in Choctaw county after the grand jury was empaneled and before the accusation was returned."

The order calling the grand jury was entered on the 11th of October, 1925. It directed that 60 jurors be drawn from the jury box "from which to select a grand jury." That on the 2nd day of November, 1925, the grand jury appeared in open court and 12 men were selected from said number, sworn and duly empaneled, and charged. The said grand jury continued its work from day to day until Friday, November 6, 1925, whereupon the said grand jury by sanction of the court recessed until Monday morning, November 9, 1925. Thereupon, to wit, November 6, 1925, the presiding judge left Pushmataha county and went to Choctaw county, and on Saturday, November 7, 1925, opened, held, and conducted a term or session of the district court of said Choctaw county; that another of the regularly qualified district judges of the 27th judicial district, of which said Pushmataha county is a part, came to the county seat and reconvened court on November 9th and ordered a further recess until the following day, or Tuesday, November 10th; that on the morning of Tuesday, November 10th, the grand jury resumed its work and continued until November 11th, whereupon it adjourned until November 23rd, whereupon it reconvened and on the same date returned the accusation here in question into open court. It appears that on Saturday, November 7th, each of the judges of the 27th judicial district was holding court in counties other than Pushmataha county.

As suggested above, the questions herein are two-fold:

"First. Was the order directing that 60 names be drawn for the grand jury in compliance with the statute, or was it error per se?

"Second. Did the fact that the judge left the county on the 7th day of November and held court in Choctaw county operate to discharge the grand jury and render the accusation thereafter returned of no force and effect?"

Two statutes are drawn in question. Section 3517, C. O. S. 1921, provides in part:

"The first names drawn, to the number stated in the judge's order, not to exceed 24 if a grand jury is ordered, shall be summoned as grand jurors, and the grand jury shall be empaneled from said persons. * * *

"Additional and other drawings of as many names as the court may order may be had at any such time as the court or judge may order for the completion of a grand jury or petit jury panel, or for the empaneling of a new grand or petit jury, during any term of court, if, in the judgment of the court, the same shall be necessary, or if, for any cause the court, in its discretion shall deem other jurors necessary. * * *"

It must be noted that this statute provides that in calling a grand jury the judge shall order not to exceed 24 and that the grand jury shall be empaneled from said persons. In the instant case the judge ordered that 60 names be drawn from the jury box. It is admitted by the defendant that no testimony was taken and no effort made to show that thereby the defendant had been deprived of a substantial right, and he concedes that unless the court holds that the mere fact that 60 names were ordered drawn for a grand jury is in itself error, the defendant's position upon this question is without merit.

Section 3526, which is embraced within the same chapter as said section 3517, above quoted, provides in part:

"A substantial compliance with the provisions of this chapter shall be sufficient to prevent the quashing or setting aside of any indictment of a grand jury chosen hereunder, unless the irregularity in drawing, summoning, or impaneling the grand jury resulted in depriving a defendant of some substantial right. * * *"

We think that it is well settled that a substantial compliance with the statute providing for the drawing and empaneling of a grand jury is all that is required, and that in the event the trial court fails to follow strictly the provisions of the statute the indictment or accusation will not be quashed unless it is made to appear that the defendant has thereby been deprived of a substantial right. State v. Pollock, 5 Okla. Cr. 26. 113 Pac. 207: Herndon v. State, 16 Okla. Cr. 586. 185 Pac. 701; Middleton v. State, 16 Okla. Cr. 320. 183 Pac. 626: Hopkins v. State, 4 Okla. Cr. 194, 108 Pac. 420.

On the second proposition, supra, we find that section 2532. C. O. S. 1921, provides:

"On the completion of the business before the grand jury or whenever the court shall be of the opinion that the public interests will not be subserved by further continuance of the session. the grand jury must be discharged, but whether the business be completed or not, they are discharged by the final adjournment of the court, or by the judge of that district holding court in some other county of the state."

So far as we are advised, this exact question has not been before the courts except. in the case of the Territory v. Terrell, 11 Okla. 449. In commenting thereon the Territorial Supreme Court said:

"We think the clear intent and purpose of the act of the Legislature was to prevent the judge from holding court in some other county in the district or territory while the grand jury was in session and in the absence of the presiding judge." .

It must be noted that the phraseology of the statute drawn in question is found linked with certain conditions under which a grand jury is discharged, whether the business is completed or not. The first is by the final adjournment of the court (or by the judge of the district holding court in some other county of the state).

We concur in the expression of the territorial court. As stated in some of the cases cited above, a grand jury does not try the merits of an alleged criminal offense, or, as in the instant case, of the alleged facts placed before the jury as constituting maladministration in office. With permission of the court such jury has a right to adjourn for at least a reasonable time. The statute was evidently intended to prevent the judge presiding. while the grand jurors were at work, from leaving the county and holding court in another county, for that the grand jury might thereby be deprived of the opportunity of making request of the judge for further instructions or making partial or final report or receiving such other assistance as required. In the instant case the grand jury had recessed on the 6th of November. which was Friday, until Monday, and then the judge held court in another county on Saturday. We know of nothing in the authorities and can see no reason why the holding of court in another county under this condition would operate to discharge the grand jury. The judgment of the district court quashing the accusation against the defendant is therefore reversed, with direction to overrule the motion to quash.

NICHOLSON. C. J. and MASON, PHELPS, and HUNT. JJ.. concur.

Note.—See under (1) 28 C. J. p. 774. §31; p. 778. §35: 31 C. J. p. 804, §380: 12 R. C. L. p. 1016; 2 R. C. L. Supp. p. 1529. (2) 28 C. J. p. 796. §82 (Anno.) ; 31 C. J. p. 808, §385 (Anno).