## HENRY BLOODSWORTH v. STATE.

No. A-1788.   Opinion Filed August 15, 1913.

(133 Pac. 1131.)

1.   **APPEAL—Good Faith of Appellant.** An appeal should not be taken from a judgment of conviction in a trial court, unless it is taken in good faith, and is prosecuted to final determination in the appellate court.

2.   **SAME—Prosecution.** When an appeal is taken in this court, and no brief is filed on behalf of the plaintiff in error and no appearance made for oral argument, the judgment will be affirmed, in the absence of fundamental error.

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Henry Bloodsworth was convicted of larceny, and appeals. Affirmed.

*Patchell & Henderson* and *Blanton & Andrews,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, Henry Bloodsworth, was convicted at the January, 1912, term of the district court of Garvin county on a charge of larceny of live stock, and his punishment fixed at imprisonment in the state penitentiary for a year and a day.

The appeal was filed in this court on the 15th day of July, 1912, more than a year prior to the time it was placed on the assignment to be heard.   No brief has been filed on behalf of the plaintiff in error, and no appearance was made for oral argument when the cause was set for hearing in this court.   All persons convicted of crime in the courts of this state are entitled to appeal to this court under the law.   This fundamental right is given, not for the purpose of delaying justice, but in order that no injustice or wrong be done such persons.   An appeal should not be taken unless it is taken in good faith, and is to be prosecuted to final determination in the appellate court.   Counsel who appeal causes for clients are charged with the duty of fol-

lowing that appeal by a brief or argument in the appellate court. When this is not done, it is evident that such appeals so neglected were taken only for delay, and are wholly without merit. Occasionally this neglect is due to oversight, but all cases are set for oral argument before this court, and counsel of record are notified by the clerk. When no brief is filed, and no appearance made for oral argument, the record will be examined for the purpose of determining whether or not jurisdictional facts are disclosed, and when such facts are disclosed, and no fundamental error appears, the judgment of the trial court will be affirmed.

This record has been so examined, and, no fundamental error appearing, the judgment of the trial court is affirmed, with directions to that court to cause it to be executed.

DOYLE and FURMAN, JJ., concur.