## O. W. HUDSON v. STATE.

No. A-4671. Opinion Filed Dec. 10, 1924.

(230 Pac. 940.)

(Syllabus.)

Appeal and Error—Province of Court on Appeal in Felony Case in Absence of Brief and Oral Argument. In an appeal in a felony case, where no brief is filed, and no appearance made to orally argue the cause at the time it is submitted, the court will examine the record, including the transcript of the evidence in connection with the errors assigned, and if the evidence is sufficient to support the verdict and judgment, and no error of law occurred during the progress of the trial prejudicial to the substantial rights of plaintiff in error, the judgment will be affirmed.

Appeal from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

O. W. Hudson was convicted of the crime of rape in the second degree, and sentenced to imprisonment in the penitentiary for five years, and appeals. Affirmed.

O. P. Estes, for plaintiff in error.

The Attorney General, for the State.

MATSON, P. J. The plaintiff in error, O. W. Hudson, was by information filed in the district court of Oklahoma county on May 17, 1922, charged with the crime of rape. Said crime according to the allegations of the information was alleged to have been committed on or about the 5th day of April, 1922, in Oklahoma county, by accomplishing an act of sexual intercourse with one Lillian Hudson, the daughter of plaintiff in error, a female under the age of 16 years.

The cause was tried to a jury in the month of November, 1922, resulting in a verdict of guilty, with punishment fixed as above stated. The trial court pronounced judgment on the verdict on the 23d day of November, 1922, from which judgment the plaintiff in error appealed to this court, by filing

herein on the 8th day of May, 1923, his petition in error with case-made attached. The case was finally submitted on the record on October 9, 1924.

This being an appeal from a judgment of conviction for a felony, the court has carefully examined the entire record in connection with the errors assigned. The evidence is somewhat voluminous, and discloses that at the time of the commission of the alleged offense the prosecuting witness was living with her father and stepmother in a residence at 305 Chickasaw street in Oklahoma City. The prosecutrix testified that on the night of March 29, 1922, the plaintiff in error accomplished an act of sexual intercourse with her in his bed at said place. In this the prosecutrix was corroborated by two other witnesses. There was also evidence of the commission of a similar act by plaintiff in error on the prosecutrix in Wheeler Park, Oklahoma City, about six weeks previous to the act relied upon for a conviction in this case. There is also corroboration as to the commission of this act of sexual intercourse in Wheeler Park. The evidence of the state, therefore, if believed, is amply sufficient to sustain the verdict and judgment. The trial court's rulings on the admission and rejection of evidence were fair to the defendant. The instructions correctly cover the law of the case in a concise manner. The plaintiff in error denied the commission of the offense, and, while it is hard to believe that a father would be guilty of so abusing his child, it was for the jury to say, where there is a direct conflict in the evidence, whom they will believe and whom disbelieve.

Finding no reversible error in the record, the judgment is affirmed.

BESSEY and DOYLE, JJ., concur.