## JOHN NOBLE v. STATE.

No. A-5929. Opinion Filed Jan. 14, 1928.
(262 Pac. 707.)

**20**

J. Coody Johnson and A. M. Fowler, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant, John Noble, was tried upon an information charging, in substance, that in Seminole county, on the 12th day of October, 1924, he did then and there unlawfully, feloniously, and with a premeditated design to effect death, shot one Amos Warrior with a pistol, thereby inflicting a mortal wound, from the effects of which the said Amos Warrior did then and there instantly die. On the trial the jury returned a verdict finding him guilty of manslaughter in the first degree, and fixing his punishment at confinement in the penitentiary for a term of 15 years. Motion for new trial was duly filed and overruled, and on May 28, 1925, the court pronounced judgment in pursuance of the verdict. He has appealed from the judgment, but there has been no appearance made in his behalf in this court. An examination of the record discloses that no exceptions were taken during the course of the trial. On the record before us the only question presented is whether the evidence was sufficient to sustain the verdict.

It appears that all the parties to the homicide were Indians. At the time charged there was a picnic at Bob Bowleg's place, about two miles east of Seminole. About three o'clock in the morning an altercation arose at the dancing

platform. It appears that the deceased, somewhat intoxicated, attempted to lead his horse upon the dancing platform, and appellant objected. The deceased started to leave, and appellant pulled a pistol and shot him. The bullet entered the back of his head, killing him instantly.

As a witness in his own behalf, appellant testified that he was sitting on the side of the platform talking to Amos Warrior, whose horse was tied near by; that Warrior untied his horse and started to lead the horse on to the dancing platform, and at the same time was carrying a shotgun in his hand; that Warrior was cursing everybody, and saying that he was going to run them all away from there, and said he was going to kill somebody before he left there.

Appellant further testified as follows:

"I says, 'I would not do that if I was you, Amos,' and he says: 'God damn you, I will kill you.' After he said that I got up and run up on the platform, then I walked off the platform, and he threw his gun down, and said, 'I have grandfather's old shotgun and two God damn pistols,' and he made his right hand down here (indicating), and started towards me, cursing me, and I shot him. He was coming facing me, had the reins in his hand, coming right towards me. The first shot I missed him; the second shot I hit him. The horse snatched back."

It was the peculiar province of the jury to pass upon the credibility of the witnesses, and, the jury, as the triers of disputed questions of fact, having determined the controversy, we cannot disturb the verdict of the jury where there is any substantial evidence to support it.

Accordingly the judgment should be and is affirmed.

EDWARDS and DAVENPORT, JJ., concur.