ROBERT HICKMAN v. STATE.

No. A-9157.  Feb. 5, 1937.
(65 Pac. [2d] 211.)

John E. McCain and Champion, Champion & Fischl, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

BAREFOOT, J.   The plaintiff in error, Robert Hickman, was convicted of burglary in the second degree in Johnston county, Okla., on the 9th day of December, 1935, and was sentenced to serve a term of two years in the state penitentiary.   His appeal was filed in this court on the 10th day of June, 1936.   No brief was filed on behalf of plaintiff in error and no appearance was made when the case was set for oral argument.

The rule has long been established in this court that when no brief is filed or appearance made for oral argument, the record will be examined for the purpose of determining whether or not jurisdictional facts are disclosed, and when such facts are disclosed and no fundamental error appears, the judgment of the trial court will

be affirmed. Bloodsworth v. State, 10 Okla. Cr. 99, 133 Pac. 1131; Spann v. State, 22 Okla. Cr. 128, 210 Pac. 315; Gladys Mitchell v. State, 35 Okla. Cr. 61, 248 Pac. 654; Bob Jones et al. v. State, 58 Okla. Cr. 308, 53 Pac. (2d) 292, and Benton Walker v. State, 60 Okla. Cr. 302, 64 Pac. (2d) 935.

We have carefully examined the record and read the testimony in this case. An information was filed against this defendant by the county attorney of Johnston county on the 22d day of June, 1935, charging him jointly with W. T. Morrow with the crime of burglary in the second degree. Testimony reveals that the home of M. O. Gammill, who lives near Mannsville, in Johnston county, was broken into on the 5th day of May, 1935, by the breaking of the door which had been locked. Certain tools with which the door had been broken were found near the premises. The burglary was committed in the daytime and while Mr. Gammill and family were away from home. Certain wearing apparel, flour, and silverware had been taken. Upon his return home in the evening, Mr. Gammill found where car tracks had been near the door and that there were tracks of two different parties who had walked up to the door and away from it. A short while after this a large portion of this property was found at the home of the defendant. The silverware was buried in the cellar of defendant's home and the clothing was buried in the barn. All of this property was identified as being property taken at the time of the burglary. Defendant admitted, while testifying in his own behalf, that he was present when the burglary was committed, but contended that his codefendant, who was in the penitentiary at the time of the trial, had committed the burglary and that he accompanied him, not knowing that he intended to commit the crime. There is much incriminating

testimony against the defendant. Testifying on his own behalf, he admitted hiding and burying the property after the officers had been to his house looking for it. He at first denied having the property and afterwards admitted that he did have it. The testimony of other witnesses clearly showed that he participated with his codefendant in the commission of the crime as alleged in the information.

The jury heard his defense; they did not believe it. He was given the minimum punishment. He had a fair and impartial trial.

The judgment of the district court of Johnston county is affirmed.

DAVENPORT, P. J., and DOYLE J., concur.