### J. L. HENLEY v. STATE.

No. A-9506. June 9, 1939.

(91 P. 2d 685.)

Melone, Porter & Melone, of El Reno, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and S. T. Roberson, Co. Atty., of El Reno, for the State.

BAREFOOT, J. Defendant was charged with the crime of assault with intent to kill, in Canadian county; was tried, convicted of assault with a dangerous weapon, and sentenced to serve three years in the penitentiary, and has appealed.

The record in this case was filed in this court on May 2, 1938. On September 18th, defendant was given an additional 15 days to file a brief. The case was set for oral argument on October 25, 1938, and at this time, no one appearing, the case was submitted on the record, and an order entered giving defendant an additional 20 days to file a brief. No brief has been filed.

Under the decisions of this court, where defendant files no brief, and makes no appearance when the case is called for submission, and an examination of the record discloses no merit in the errors assigned, the judgment will be affirmed. Walker v. State, 60 Okla. Cr. 302, 64 P. 2d 935; Hickman v. State, 60 Okla. Cr. 417, 65 P. 2d 211; Noble v. State, 39 Okla. Cr. 19, 262 P. 707; Hudson v. State, 28 Okla. Cr. 369, 230 P. 940; Shelton v. State, 41 Okla. Cr. 220, 271 P. 262; Justice v. State, 41 Okla. Cr.

136, 271 P. 860; Robinson v. State, 60 Okla. Cr. 443, 65 P. 2d 212.

We have carefully read the record, examined the information, and instructions given by the court. We have found no fundamental error. The information was in proper form. The instructions of the court covered every phase of the law, and were as favorable to defendant as could be expected.

The evidence reveals that defendant was charged with assault with intent to kill Marion Thompson by shooting him with a pistol. It further revealed that defendant and prosecuting witness were farmers living on the same quarter section of land as tenants of the same landlord. Their relations had been friendly until August 18, 1936, when defendant appeared near the home of the prosecuting witness, and had some words with his wife, and a neighboring lady, in reference to some small items of property that had been loaned. The prosecuting witness appeared, and after some words, he testified that defendant pulled a gun from his pocket and threatened to kill him. Defendant claimed that the prosecuting witness attempted to assault him, and that he did not draw a gun. Some bad feeling existed and defendant made an effort to secure a "peace bond," which he failed to get, and he purchased a gun which he carried in his car practically all of the time until the 14th day of April, 1937, at which time defendant was working in his field, and the prosecuting witness was also working nearby with his landlord and another party. When the work was finished about 6 o'clock, the prosecuting witness started home, driving his team to a plow, and with a spade in his hand. He was met in the road by defendant, who had left his team some 100 yards distance. The prosecuting witness testified that defendant shot him without cause or provocation, and with no demonstration on his part. The defendant claimed he was being attacked with the spade by the prosecuting witness.

The jury evidently believed the evidence of the state, and returned a verdict finding defendant guilty of assault with a dangerous weapon, and assessing his punishment at three years in the penitentiary. The evidence fully sustains the verdict. As a result of the injury, the prosecuting witness was forced to have his leg amputated.

We have carefully examined the record, the information, and the instructions of the court, and find no fundamental error was committed. The defendant had a fair and impartial trial, and we are of the opinion that the judgment of the district court of Canadian county should be affirmed, and it is so ordered.

DOYLE, P. J., and DAVENPORT, J., concur.