## JOHN SCHRIEBAR v. STATE.

No. A-547. Opinion Filed June 20, 1911.

(116 Pac. 348.)

1. **APPEAL AND ERROR—Judgment—Entry.** (a) It is the duty of a trial judge to pronounce judgment in accordance with the verdict of the jury, and cause the same to be entered in the journal of the court.

(b) It is necessary for such judgment to be entered as provided by law before an appeal can be taken to this court.

(c) When a trial court fails to enter judgment as provided by law until after the time fixed by the statute in which an appeal can be perfected, and then does so by a nunc pro tunc order, an appeal may be taken in the manner provided by the statute from the date the nunc pro tunc order is made.

2. **APPEAL AND ERROR—Loss of Records.** When the records of this court show the filing of proof of service of notices of appeal with the clerk thereof, and the return showing such service is lost from the papers through no fault of the plaintiff in error, it will be presumed that the service and proof of service were regular, in the absence of any showing to the contrary.

(Syllabus by the Court.)

*Appeal from Garfield County Court; Jas. B. Cullison, Judge.*

John Schriebar was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*A. J. Jones,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. From the transcript before us it appears that an information was filed against the plaintiff in error in the county court of Garfield county on the 24th day of July, 1909, charging him with selling intoxicating liquor to one Joe Foster. The case came on for trial on the 20th day of Septem-

ber thereafter; the plaintiff in error being represented on the trial by H. J. Sturgis. On the same day a verdict of guilty was returned, without fixing the punishment. Motion for new trial was filed on the 23d day of September. The transcript fails to show any order overruling or denying this motion. An order appears to have been made on the 27th of September forfeiting the bond of the plaintiff in error in this cause and four others pending against him in the trial court. On the 5th day of January, 1910, A. J. Jones, a member of the Garfield county bar, appeared in the county court and filed a motion, the purpose of which was to require the county attorney to submit a journal entry of the judgment of the trial court in this cause. On the 8th day of January the transcript recites that the county attorney, without an order being made on said motion, submitted the journal entry. It appears that the attorney for plaintiff in error also filed a motion on the 5th day of January, 1910, praying the county court to fix time in which to make and serve case-made for appeal to this court after the journal entry of the judgment should be submitted. On the 10th day of January this motion was overruled, and on the same date the county attorney filed a journal entry of the judgment, together with a motion asking that it be entered *nunc pro tunc,* which was done.

The Attorney General has filed a motion to dismiss the appeal in this case on the following grounds, to wit:

"First, because the record shows that this judgment appealed from was for a misdemeanor, and was rendered on the 8th day of October, 1909 (Record, pages 73 and 75), and this attempted appeal is by transcript, and the same was not filed in this court with the petition in error until the 13th day of January, 1910, and more than 60 days after the rendition of the judgment, in violation of section 6948 of Snyder's Compiled Laws of Oklahoma of 1909; second, because no notices of appeal were served on the clerk of the court and the county attorney, as provided in section 6949, Snyder's Compiled Laws of Oklahoma of 1909; third, because the record does not show that plaintiff in error ever gave an appeal bond or stayed the execution of the judgment rendered, and the same would have been served

according to the terms of the judgment before this time, and thereby render useless any action by this court."

We do not think that this appeal ought to be dismissed on the first ground contended for by the Attorney General. The journal entry of the judgment clearly shows that it was. not entered on the 8th day of October, 1909, but was entered on the 10th day of January, 1910. To dismiss the appeal on this ground would be in effect laying down a rule whereby arbitrary, careless, or corrupt trial judges could defeat the appeal of every case tried by refusing or neglecting to enter judgment. We think the plaintiff in error was entitled to perfect his appeal in the manner provided by the statute as if the judgment had been originally entered on the 10th day of January, 1910, the date upon which the *nunc pro tunc* order was made by the court.

The second ground set out in the motion for dismissal of this appeal is not well taken. The records of this court show that proof of service of notices of appeal was filed with the clerk of this court on the 15th day of January, 1910.

The third ground set out in the motion for dismissal is overruled, for the reason that this court fixed the bail, and the record shows that the same was given as provided by the order, and plaintiff in error released from custody pending the determination of the appeal.

The plaintiff in error urges in this court the proposition that the court below erred in refusing time for plaintiff in error to prepare and file bill of exceptions at the time the *nunc pro tunc* order was filed and entered of record. This contention is not well taken. The statute gives 30 days without any order of the court being made. The plaintiff in error filed this appeal in this court within three days from the date that the order was entered, which indicates conclusively that he was not prejudiced by the action of the trial court.

It appears, however, that the trial court refused to grant any relief whatever in aid of the appeal in this case, upon the theory that the time had elapsed within which the same could be taken. The trial court should have signed and settled the case-made,

so that this court could have reviewed any and all errors properly raised by the complete record. This court is without jurisdiction to review any errors that may have occurred during the trial, by reason of the fact that the case-made is not signed and settled as the law requires, except such errors as appear from the transcript.

In order that no injustice may result to the plaintiff in error by reason of the trial court neglecting to properly enter judgment, as it was his duty to do, and for his failure to certify the case-made, the judgment is reversed, and the cause remanded for a new trial.

FURMAN, P. J., and DOYLE, J., concur.