## GEORGE DUNN v. STATE.

No. A-3923—Opinion Filed April 6, 1921.

(196 Pac. 739.)

(Syllabus.)

1. **APPEAL AND ERROR—Time for Appeal—Felony—Judgment—Clerical Duties—Enforced Performance.** An appeal in a felony case must be taken within six months from the time the judgment is rendered, as distinguished from the time of the recording of the judgment by the clerk. As between the parties, the validity of the judgment cannot be avoided because the clerk failed to perform his ministerial duties in making up the record; and where, through the negligence or omission of the clerk, the judgment record is defective or incomplete, the court may at any time, upon a proper showing, require the clerk to make the record conform to the facts nunc pro tunc.

2. **SAME—Time for Appeal—Case Overruled.** The rule announced in the case of Schriebar v. State, 6 Okla. Cr. 119, 116 Pac. 348 that the time in which an appeal may be taken runs from the entry of judgment, as distinguished from the time of the rendition of judgment, as applied to cases of the character shown by this record, will not be followed by this court, and to that extent the doctrine announced in the Schriebar Case is overruled.

3. **APPEAL AND ERROR—Appealable Orders—Nunc pro Tunc Orders.** Applications for nunc pro tunc orders, and orders nunc pro tunc are not proceedings separate and distinct from the

original actions, but are merely auxiliary to some action pending and, when pending on appeal they should be incorporated in the original appeal.

4.   **CASES "PENDING"—Correction of Records.**  A criminal case is pending, in the sense that a court may correct its records, until the judgment is fully satisfied.

5.   **APPEAL AND ERROR—Right of Appeal Lost by Estoppel— Judgment Entry Nunc Pro Tunc.**  In a criminal case, every defendant has a constitutional right of appeal; but the statutes regulate the time and manner of exercising that right. The defendant may lose his right of appeal by waiver or estoppel or by failure to perfect or prosecute his appeal, and, once having waived or forfeited that right, he cannot have it revived out of time by resisting an order directing an entry of judgment nunc pro tunc. -

*Appeal from District Court, Tulsa County;*

*Redmond S. Cole, Judge.*

George Dunn was convicted of larceny of an automobile, and he appeals.   Appeal dismissed.

' *D. B. Crewson* and *R. M. Dick,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

BESSEY, J.   On the 30th day of April, 1917, the defendant filed his motion for a new trial, which was on the same day heard and overruled, and the defendant was sentenced to imprisonment in the state penitentiary for a term of two years.   Defendant gave notice of an appeal, and was given 90 days to make and serve a case-made.   The amount of the supersedeas bond was fixed at $2,500, to be approved by the clerk.   Later the time for making and certifying the case-made was extended for a further period of 60 days, the supersedeas bond was made and approved by the clerk, and the defendant was given his liberty.

The appeal was not perfected by filing the case-made within the time allowed by the court, nor by transcript within the time provided by law. On the 25th day of January, 1921, the defendant's bond was forfeited and later the defendant was apprehended, and the county attorney, preparatory to the execution of the sentence, made application to the court for a *nunc pro tunc* order for a judgment entry in accordance with the verdict and sentence of the court. This motion was resisted by the defendant, who made a motion to strike the state's motion from the files, which motion to strike was by the court heard and overruled. All parties being present, the motion for a *nunc pro tunc* order was heard and proof submitted upon the uestion as to whether in fact a judgment and sentence had been rendered, although no formal entry had been made by the clerk, though the clerk's minutes and other portions of the record indicated that a judgment and sentence had in fact been rendered. The motion for a *nunc pro tunc* order was sustained February 7, 1921, and judgment *nunc pro tunc,* as of April 30, 1917, ordered entered accordingly.

On February 9, 1921, the defendant filed a motion in arrest of judgment, which was by the court overruled. On the same day the defendant filed a motion for a new trial, which was likewise overruled. The defendant then gave notice of an appeal from the judgment entered *nunc pro tunc,* and asked time to prepare and serve a case-made, which was by the court denied. On February 21, 1921, defendant filed in this court a transcript of the record below, with a petition in error attached, and on February 21, 1921, defendant also filed in this court a motion asking this court to fix an appeal bond, pend-

ing further proceedings on appeal. By agreement of parties, this motion was heard and is now before this court for consideration.

In order for this court to pass upon the question of the appeal bond, as prayed for in the motion filed in this court, it becomes necessary to determine the defendant's right to appeal at this time from the judgment and sentence *nunc pro tunc.* The Constitution of this state gives to every defendant in a criminal case the right of appeal. The statutes provide the method and time of exercising this right. Section 5988, Rev. Laws 1910, provides:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right, from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

Section 5991 provides for the time in which this appeal shall be taken, as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. In felony cases the appeal must be taken within six months after the judgment is rendered, and a transcript in both felony and misdemeanor cases must be filed as hereinafter directed."

The appeal is from the judgment against the defendant, and in a felony case must be taken within six months from the time the judgment is rendered. It will be noted

that the word "rendered" is used in the statute, but the defendant in this case contends that the statute contemplates that the time in which an appeal may be taken should be reckoned from the time the judgment was entered *nunc pro tunc*.

It is not for this court to construe into a plain, unambiguous statute provisions not therein expressed, for the reason that, in the view of the court, the statute should contain other or modifying provisions. The Legislature could as easily have provided that the time should run from the day the clerk made the judgment entry, but it did not do so. The clerk's record is the best evidence of the judgment and sentence, but if this record is incomplete, but enough appears to indicate the scope of the judgment rendered, the omissions can be supplied by appropriate orders of the trial court, or by application to this court. The validity of the judgment cannot be avoided as between the parties because the clerk failed to perform his ministerial duties in making up the record.

In ordinary legal parlance judgment and sentence have the same meaning, and where, through the negligence or omission of the clerk, the judgment record is defective or incomplete, the court may, upon a proper showing, require the clerk to make the record conform to the facts. *Petition of Breeding*, 75 Okla. 169, 182 Pac. 899; *Ex parte Lyda Howland*, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, 17 C. J. 32, title, "What Constitutes Final Judgment"; 8 R. C. L. 246; 16 C. J. 1266.

The court decisions from other states, holding that the time for taking an appeal dates from the entry of judgment, are due to the fact that in many states the statutes

provide that the time shall run from the date of the entry and recording of the judgment. For a discussion of these cases see notes and annotations to *In re Weber*, 28 L. R. A. 621. But these decisions are entitled to no weight where the statutes provide, as they do in this state, that the time for taking an appeal shall run from the date of the rendition of judgment.

The transcript of the proceedings before us discloses that under. date of April 30, 1917, there was recorded in Journal No. 10 of the trial court, at page 236, the following:

"Defendant present in person and by counsel; motion for new trial overruled; defendant excepts; defendant sentenced by the court to two years in the state penitentiary at hard labor, sentence to start on arrival at the penitentiary. For good cause shown defendant given ninety days to make and serve case-made, ten days to suggest amendments, to be settled on five days' notice. Bond fixed at $2,500, to be approved by the clerk of this court. Defendant given twenty days to file bond."

This record, together with the other testimony taken in support of the county attorney's motion for a *nunc pro tunc* order, satisfies this court beyond all doubt that a judgment of conviction was in fact pronounced. The order *nunc pro tunc* was not predicated upon a mere presumption that a judgment should have been rendered, but was based on facts recited in the record, showing that such judgment had actually been rendered; and the *nunc pro tunc* order was made for the purpose of causing the record to show in greater detail what judgment had actually been pronounced. *Ex parte Howard*, 2 Okla. Cr. 563, 103 Pac. 663.

Section 5960, Rev. Laws 1910, provides:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"First.   The indictment and a copy of the minutes of the plea or demurrer.

"Second.   A copy of the minutes of the trial.

"Third.   The charges given or refused, and the indorsements, if any, thereon; and,

"Fourth.   A copy of the judgment."

Applying this statute to the state of the record here, there is a sufficient showing that a judgment was rendered.   If the defendant has any cause of complaint, or desires to contest the facts recited in a *nunc pro tunc* order, in a case where an appeal is then pending, he may raise those questions in an ancillary proceeding in the appellate court; if the case is not pending on appeal, such questions may be reviewed in an appropriate original proceeding in a mandamus, *certiorari*, or *habeas corpus*.   Applications for *ncnc pro tunc* orders and orders *nunc pro tunc* are not proceedings separate and distinct from the original actions, but are merely auxiliary to some action pending, and when pending on appeal they should be incorporated in the original appeal.   *Petition of Breeding*, 75 Okla. 169, 182 Pac. 899; *Schoonover v. B. & O. Ry.*, 69 W. Va. 560, 73 S. E. 266, L. R. A. 1917F, 1, Ann. Cas. 1913B, 964.

A criminal case is pending, in a sense that a court may correct its records, until the judgment is fully satisfied. *Ex parte Howland,* 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840.

We have not overlooked the decision of this court in the case of *Schriebar v. State,* 6 Okla. Cr. 119, 116 Pac. 348, where the court makes the following declaration:

"It is the duty of a trial judge to pronounce judgment in accordance with the verdict of the jury, and cause the same to be entered in the journal of the court. It is necessary for such judgment to be entered as provided by law, before an appeal can be taken to this court. When the trial court fails to enter judgment as provided by law until after the time fixed by the statute in which an appeal can be perfected, and then does so by a *nunc pro tunc* order, an appeal may be taken in the manner provided by statute from the date the *nunc pro tunc* order is made."

In the instant case an appeal was prayed for, and time was asked and given in which to prepare and serve case-made, and a supersedeas bond was given, by means of which the defendant was given his liberty, pending this appeal; while, in the Schriebar Case, above cited, there was no attempt to take an appeal until after the rendition and entry of the order *nunc pro tunc,* which was more than four months after the trial. In the Schriebar Case there was a verdict of conviction, but no showing that a judgment had been pronounced or entered at that term. A motion for a new trial had been filed, but the motion had not been heard or considered. At a subsequent term, more than four months later, a motion was filed asking that a judgment *nunc pro tunc* be entered, which motion was sustained and judgment *nunc*

*pro tunc* rendered and entered accordingly. In the
Schriebar Case it seems that the judgment was neither
rendered nor entered until done so *nunc pro tunc*.

The reason given by the learned judge who wrote
the opinion in the Schriebar Case as to why the time
for an appeal should run from the date of the entry of
judgment, in which he stated in substance that if the rule
were otherwise an arbitrary, careless, or corrupt judge
or clerk could defeat an appeal by failing or refusing
to make a record, is not in keeping with our statute, and
will not bear the test of sound reason. There are methods
available by which a defective or incomplete record may
be corrected, either by the trial court or by the appellate
court, on appeal. On the contrary, if an appeal lies at
any time a *nunc pro tunc* order is allowed or refused,
by this means an arbitrary, careless, or corrupt judge
or clerk could extend the time of taking an appeal in
any case indefinitely. In the *Lyda Howland Case, supra,*
the *nunc pro tunc* order was made seven years after trial.
Could it be contended that seven years after trial she
could in this manner open up her whole case by an or-
iginal appeal to this court? Our statutes provide that the
appeal is from the judgment "rendered," and not from
an order directing its entry, and the time in which an
appeal lies dates from the rendition of judgment, and not
from the date of its entry. Sections 5988 and 5991, Rev.
Laws 1910.

The opinion in the Schriebar Case, holding that the
time for an appeal began to run from the date of the
rendition and entry of the judgment *nunc pro tunc*, under
the peculiar conditions existing in that case, may have
been correct, because the rendition and entry of judg-
ment in that case were both made at the same time, at

a subsequent term of court.  But we think that the broad abstract declaration made by the learned judge in his opinion, that no appeal lies in any case until after formal entry of judgment by the clerk, was incorrect and inadvertently made, and is in conflict with the plain provisions of our statutes and with the long established practice of our courts and the courts of other states having similar statutes. The rule that the time in which an appeal may be taken runs from the entry of judgment, as distinguished from the time of the rendition of judgment, as applied to cases of the character shown by this record, will not be followed by this court, and to that extent the doctrine announced in the Schriebar Case is overruled.

Moreover, a person having a right of appeal may lose that right by waiver or estoppel.  In this case an appeal was originally prayed for and granted, the defendant thus admitting that a judgment and sentence against him had been rendered.  Time was given and extended in which to prepare an appeal.  The court fixed the amount of the supersedeas bond, which was by the defendant executed and approved by the clerk, and the defendant was given his liberty pending the appeal.  The defendant could perfect and prosecute his appeal, or he could abandon and waive it, as was done in this case.  For nearly four years the defendant has been at liberty, by reason of his appeal bond.  By his own actions he is clearly estopped from claiming that he has been deprived of his right of appeal.  Having once waived this right, he cannot have it revived by resisting ancillary orders subsequently made.  *Bloodsworth v. State,* 10 Okla. Cr. 97, 133 Pac. 1131; *Barnes v. Lynch,* 9 Okla. 11, 156, 59 Pac. 995; 3 C. J. 664, and cases there cited.  ,

Since the original appeal in this case was abandoned,

and the latter attempted appeal was not filed within the statutory period from the rendition of judgment, the appeal is dismissed and a mandate ordered, directing execution of the judgment and sentence of the court.

DOYLE, P. J., and MATSON, J., concur.