## Ex parte ERNEST PAYTON.

No. A-7527. Opinion Filed October 12, 1929.
(281 Pac. 597.)

John J. Carney and Freeling & Box, for petitioner.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J. The petitioner herein was found guilty in the district court of Oklahoma county of the crime of robbery with firearms, and sentenced to serve a term of five years in the state penitentiary.

Thereafter the defendant attempted to appeal said cause to the criminal court of appeals, but the appeal was dismissed for the reason same had not been filed within time as provided by law, and upon the dismissal of said

appeal this court, on October 6, 1928, rendered an opinion dismissing said appeal and remanding the case to the district court, with instructions to enforce the judgment.

Thereafter the petitioner herein filed his application for a writ of habeas corpus upon the ground that the judgment and sentence of the court recited the "15th day of February, 1925," when in fact it should have been "1926," and by reason of this clerical error it is the contention of the defendant that this petitioner should either be released or this cause should be remanded to the district court for the purpose of a proper sentence and judgment. The judgment appears to be correct and in perfect keeping with the law except for the fact that there is a mistake as to the time when the judgment was rendered. The judgment itself recites that the judgment was rendered at the time assigned for judgment; that at the time the judgment was rendered the petitioner, Ernest Payton, was personally present in open court and was informed that he had been legally charged with the offense of robbery and had been duly arraigned and had pleaded not guilty and had been legally tried and convicted of said offense in said court; that the prisoner being then informed of the nature of the charge, of his plea, and of the verdict of the jury was asked whether he had any legal cause to show why judgment and sentence should not be pronounced against him, and that he alleged no sufficient cause and that none appeared to the court, and the court rendered judgment, part of which is as follows:

"* * * It is therefore, hereby considered, ordered, adjudged and decreed by the court that the said Ernest Payton be committed to and be imprisoned in the state penitentiary at McAlester, in the state of Oklahoma, and confined in said penitentiary for the term of five (5) years for said offense of robbery said term of sentence to

begin at and from date of delivery and that said defendant pay the costs of this prosecution, taxed at $———, for which judgment is hereby rendered against the said defendant; and thereupon the defendant is by the court notified of his right of appeal. * * *''

The facts as stated by the court in passing judgment show clearly that the defendant had been informed against, tried, found guilty, and assessed a punishment of five years in the state penitentiary. This court has repeatedly held that the court has the power to make any alteration or correction which is necessary to make its record speak the truth. State v. Pollock, 5 Okla. Cr. 28, 113 Pac. 207; Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739; Cornelson v. State, 37 Okla. Cr. 338, 257 Pac. 1109.

In the case of Ex parte Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, this court held that, where a defendant is tried, convicted, and sentenced to imprisonment, but by error of the court the judgment is not entire on the record of the clerk, the error may be corrected at any time by an order nunc pro tunc.

In the case of Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739, in paragraph 4 of the syllabus, this court said: "A criminal case is pending, in the sense that a court may correct its records, until the judgment is fully satisfied."

It appears from the record in the case at bar that the judgment is in conformity with the verdict of the jury and is in everywise legal and correct, except that the judgment recites the wrong year upon which sentence and judgment was pronounced. There does not appear to be any legal reason why the defendant should be discharged, nor that he should be remanded back to the trial court for resentencing.

4

Since the error complained of is a mere clerical one, the proper practice is for the county attorney to apply to the district court for a nunc pro tunc order directing the court clerk to correct the record to speak the truth as to the date upon which judgment and sentence was pronounced.

For the reasons stated the writ is denied.

EDWARDS, P. J., and DAVENPORT, J., concur.