## Ex parte L. M. MILES.

No. A.-7524.   Opinion Filed Dec. 7, 1929.
(283 Pac. 268.)

Raymond Barry and S. A. Horton ,for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The petitioner herein pleaded guilty in the district court of Harmon county  to  a  charge  of burglary and was sentenced to serve a term of two years in the state penitentiary.

On the 3rd day of September, 1929, petitioner filed his application for writ of habeas corpus upon the ground that the judgment and sentence of the court recited that petitioner entered his plea of guilty to the crime of burglary in the second degree, and that thereafter on the 25th day of February, 1929, he was sentenced for the crime of grand larceny, and that said judgment and sentence was void for the reason that the defendant was charged with the crime of burglary and sentenced by the court for another and different crime, to wit,  that  of  grand larceny.   Thereafter on the 19th day of September, 1929, the state presented its application to Hon. Frank Matthews, Judge of the District Court of Harmon County, who had pronounced the original judgment in said cause,

asking said court to correct the minutes of the court and its journal of judgment in the original proceeding had in said cause, to speak the truth. Thereupon said court proceeded to hear said application, and upon said hearing made its finding of fact that the petitioner, L. M. Miles, entered his plea of guilty to the crime of burglary, and that it was the court's intention at the time to show in the journal entry of judgment that the petitioner entered his plea of guilty to the offense of burglary and judgment was pronounced by the court against the petitioner for the crime of burglary, but by mistake the crime of grand larceny was inserted therein instead of the crime of burglary.

Thereupon the court granted the county attorney's motion to amend the journal entry of judgment to speak the facts, by inserting therein that the defendant entered his plea of guilty to the crime of burglary and not to the crime of grand larceny. Thereupon the court made his order directing the proceedings to be corrected to speak the truth.

The defendant contends that the court was without authority to hear said application and correct such judgment, for the reason that the defendant pleaded guilty to one crime and was sentenced for another crime, and the judgment was therefore void.

This court, in the case of Ex parte Payton, 45 Okla. Cr. 1, 281 Pac. 597, 598, said:

"This court has repeatedly held that the court has the power to make any alteration or correction which is necessary to make its record speak the truth. State v. Pollock, 5 Okla. Cr. 28, 113 Pac. 207; Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739; Cornelson v. State, 37 Okla. Cr. 338, 257 Pac. 1109. In the case of Ex parte Howland, 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, this

court held that, where a defendant is tried, convicted, and sentenced to imprisonment, but by error of the court the judgment is not entire on the record of the clerk, the error may be corrected at any time by an order nunc pro tunc. In the case of Dunn v. State, 18 Okla. Cr. 493, 196 Pac. 739, in paragraph 4 of the syllabus, this court said: 'A criminal case is pending, in the sense that a court may correct its records, until the judgment is fully satisfied'."

It appears from the record in the case at bar that the judgment was duly entered upon a plea of guilty of the defendant, but that by a clerical error of the clerk of the court the journal entry was made to read that the defendant was guilty of the crime of grand larceny, when in truth and in fact he pleaded guilty to the crime of burglary. There can be no doubt that the court possessed the power to correct its journal to speak the truth.

For the reasons stated, the writ is denied.

EDWARDS, P. J., and DAVENPORT, J., concur.