Ex parte EARL MARTINDALE.

No. A-7556.  Opinion Filed March 29, 1930.
(287 Pac. 740.)

C. R. Reeves, for petitioner.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Petitioner alleges that on the 16th day of January, 1924, he was convicted in the district court of Tulsa county of the crime of robbery, and by the verdict of the jury his punishment was fixed at imprisonment in the penitentiary for twenty-five years; that on the 26th day of January, 1924, the district judge of the Tulsa county district court rendered judgment and pronounced sentence against him; that he was guilty of stealing an automobile, and imposed a sentence of twenty-five

years' imprisonment in the state penitentiary; that on or about January 30, 1924, petitioner was taken to the penitentiary at McAlester, and has been there imprisoned for over five years under a commitment issued on the judgment for stealing an automobile; that on or about the 30th day of July, 1929, the county attorney of Tulsa county filed a petition in the district court of said county, and made a motion to modify and amend the aforesaid judgment by an order nunc pro tunc changing the judgment and sentence pronounced on the 26th day of January, 1924, by substituting therefor a new and different judgment; that the said court was without jurisdiction to alter or amend said judgment and sentence; and that his incarceration under the original judgment and sentence is illegal, and the said judgment is null and absolutely void.

Petitioner further alleges that on or about the 10th day of September, 1929, Hon. Luther James, judge of the district court of Tulsa county, after hearing had in said cause, made an order finding that through an error of the clerk of the district court the original journal entry of judgment in said cause was made to read, "for the crime of stealing an automobile," when in truth and in fact the petitioner was charged with the crime of robbery. The jury found him guilty of the crime of robbery, and the court sentenced him for the crime of robbery, and the judge ordered the records corrected to speak the truth; that the said hearing so held on the application of the county attorney for a nunc pro tunc order was without authority of law, and void, for the reason that the said district court was without any authority of law to render any new judgment or make said new order in said cause. It is admitted by the state that the petitioner was charged with the crime of robbery, that the jury returned a verdict of guilty of robbery, but it is claimed by the state that the

court pronounced judgment and sentence against the petitioner for the crime of robbery, but through a clerical error of E. Gail Swayze, a deputy clerk of the district court of Tulsa county, who prepared the journal entry of judgment for the signature of the trial judge, the journal entry was made to read that the defendant was guilty of the crime of stealing an automobile; that such error was a mere clerical one, which might be corrected by nunc pro tunc proceedings instituted by the state, in the court where the judgment was rendered, at any time before the expiration of the sentence.

Following the entry of the nunc pro tunc order of the judge of the district court of Tulsa county, petitioner was returned to the penitentiary at McAlester under a new commitment issued out of the district court of said county. Thereupon a rule to show cause was issued out of this court to the warden of the penitentiary at McAlester to show cause for the detention and imprisonment of petitioner. Said warden has filed his return and answer setting up that he detains the prisoner under a commitment issued out of the district court of Tulsa county for the crime of robbery, and that the term of said prisoner has not expired.

The issues presented by the petitioner and the return of the warden is, Was the original judgment void as contended for by petitioner, or was the judgment pronounced by the district court of Tulsa county in conformity with the verdict, and was the recital in such judgment that prisoner was guilty of the crime of stealing an automobile a clerical error which the district court on proper proceeding might correct at any time?

Counsel for petitioner contends that the district court of Tulsa county was without jurisdiction to amend, alter,

or modify the original judgment after the term at which the judgment was rendered. The state contends that the original judgment was not amended, altered, or changed in any particular; that the judgment as corrected by the nunc pro tunc order was the judgment as originally rendered; that the journal entry of judgment was merely corrected to speak the truth.

It appears from the information attached to petitioner's application that he was charged with the crime of robbery. The verdict of the jury attached to his application shows that the jury found him guilty of robbery and fixed his punishment at twenty-five years in the penitentiary. Section 2750, C. O. S. 1921, provides that the judgment must conform to the verdict. Where the judgment does not conform to the verdict, this court on appeal has remanded the case for proper judgment. Caudill v. State, 9 Okla. Cr. 66, 130 Pac. 812; Barrett v. State, 39 Okla. Cr. 50, 263 Pac. 166; White v. State, 42 Okla. Cr. 50, 275 Pac. 1067.

This court has also held that the proceeding to correct this judgment nunc pro tunc was the proper proceeding, and that upon a sufficient showing the court had authority to order the record corrected to speak the truth. In Ex parte Payton, 45 Okla. Cr. 1, 281 Pac. 597, this court said:

"The trial court may at any time upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order nunc pro tunc, cause its record to recite the truth, and may supply any omission from its record. Such records, when so supplied, relate to the time when the proceedings were in fact had, and made valid that which was apparently defective."

In the body of the opinion this court said:

"Since the error complained of is a mere clerical one, the proper practice is for the county attorney to apply to the district court for a nunc pro tunc order directing the court clerk to correct the record to speak the truth as to the date upon which judgment and sentence was pronounced."

The district court of Tulsa county by proper nunc pro tunc proceedings conducted a hearing at which petitioner was represented by his counsel. Evidence was introduced by the state to show that the judgment and sentence of the court rendered in said cause on the 26th day of January, 1924, was in conformity with the verdict of the jury, and was that the petitioner was guilty of the crime of robbery, but that by a clerical error the journal entry of judgment was made to read, "stealing an automobile." Upon such evidence and finding, the court ordered said journal corrected to speak the truth as to the crime for which petitioner was convicted. The findings of fact by the district court of Tulsa county in the nunc pro tunc proceedings is conclusive on this court in a habeas corpus proceeding.

In Ex parte Howland, 3 Okla. Cr. 142, 104 Pac. 927, 928, Ann. Cas. 1812A, 840, this court said at page 146:

"The amendment to the original petition also alleges that the 'alleged judgment and sentence recorded by an order nunc pro tunc, and now made a part of the return, thus to change the issues as joined in this case, is false, untrue, and is set up in the return for fraudulent purposes.' There is no contention made by counsel for relator that the findings of the court, on which the nunc pro tunc order is based, were made without legal evidence. There being no contention of that kind, the presumption prevails that the court acted on sufficient competent testimony. It is not for this court to question the evidence on which the district court of Lincoln county made this order nunc pro tunc. The court on the evidence there introduced found,

as a fact, that the judgment and sentence was entered on the 11th day of April, 1902, and that finding is conclusive on this court. The court having found that it was a mere error of the clerk, and it being clearly within the province of the court to correct such error, and the correction having been made, the order stands as originally made and intended, and must be given effect accordingly. 1 Freeman on Judgments, 74; Bobo v. State, 40 Ark. 224; Ward v. Magness, 75 Ark. 12, 86 S. W. 822; Jones v. Lewis, 30 N. C. 70, 47 Am. Dec. 338." Ex parte Caveness, 3 Okla. Cr. 205, 105 Pac. 184; Ex parte Harry, 6 Okla. Cr. 168, 117 Pac. 726; Ex parte Ambler, 11 Okla. Cr. 449, 148 Pac. 1061.

Since the district court of Tulsa county had jurisdiction to hear the application of the state for the nunc pro tunc order, and since the court found as a fact that the judgment and sentence of the district court was for the crime of robbery, and further found that because of clerical error the journal entry of judgment was made to read, "stealing an automobile," instead of robbery, this court is bound by such finding of fact and will not review the same on habeas corpus.

We take this occasion to caution district judges to be careful about the orders and judgments they sign in criminal cases. No judge ought ever to sign any order that deprives a defendant of his life, liberty, or property without first having carefully read the same. This court is continually hearing habeas corpus cases due entirely to the careless manner in which judgments and orders are made and signed.

Under the facts and law of this case, the petitioner is not entitled to be discharged, but is entitled to credit for all the time he has already served in the penitentiary upon such judgment and sentence. For the reasons stated, the writ is denied, and the warden is directed to compute the

time of service of petitioner from the date he was first received at the penitentiary.

EDWARDS, P. J., and DAVENPORT, J., concur.