Donald Lee FRIEND, Petitioner,

v.

The STATE of Oklahoma, and R. R. Raines, Warden, Oklahoma State Penitentiary, Respondents.

No. A-13337.

Court of Criminal Appeals of Oklahoma.

Feb. 20, 1963.

Donald Lee Friend, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge.

This is an original proceeding instituted by Donald Lee Friend, petitioner herein, now confined in the Oklahoma State Penitentiary at McAlester, Oklahoma, by virtue of five judgments and sentences entered against him in the District Court of Wagoner County on the 30th day of August, 1961, the same reading as follows (in part):

"* * * comes now the defendant in person, in custody of the sheriff, into open court, to receive the judgment and sentence of the Court, upon his plea of guilty to the charge contained in the information filed herein, to-wit: Burglary, 2nd degree. * * *

* * * * * *

"It Is, Therefore, considered, Ordered and Adjudged, by the Court, that defendant, Donald Lee Friend, is guilty of the crime of Burglary, 2nd degree and that he be confined and imprisoned in the State Penitentiary at McAlester, Oklahoma, for the term of Twelve years (12).

* * * * * *

"And it is further Ordered and Adjudged, that the judgment and Sentence herein run concurrently with the judgment and Sentence rendered this date, by this Court * * *."

It is urged by the petitioner that the judgment and sentence above referred to is excessive, null and void in that it imposes a greater punishment than the punishment provided under Title 21 § 1436, "Burglary in the second degree" is punishable by imprisonment in the penitentiary "not exceeding seven years and not less than two years."

■■ The Attorney General in his response concedes that the judgments and sentences rendered herein are a nullity under the authority of Ex parte Custer, 88 Okl.Cr. 154, 200 P.2d 781, wherein this Court held (1) that judgment of conviction and sentence must conform to the punishment prescribed, and must be enforced in conformity with the statute and, (2) where a judgment in toto is void, then a proceeding in habeas corpus to correct the same may be maintained at any time after its rendition.

It is the further position of the Attorney General that, under the circumstances, the District Court should conduct a nunc pro tunc proceeding and enter the proper judgments and sentences based upon the court's findings in said proceedings.

■ An analogous situation is found in Ex parte Ernest Payton, 45 Okl.Cr. 1, 281 P. 597, wherein this Court held that the trial court may at any time upon proper showing, by appropriate order nunc pro tunc, cause its records to recite the truth and such records, when corrected, make valid that which was apparently defective. See, also, Ex parte Miles, 45 Okl.Cr. 296, 283 P. 268; Ex parte Holmes, 47 Okl.Cr. 5, 287 P. 801; Ex parte Martindale, 47 Okl.Cr. 17, 287 P. 740.

■ Under the facts herein presented, the Court of Criminal Appeals finds that the District Court of Wagoner County should conduct a nunc pro tunc proceeding correcting the judgments and sentences in Cases # 2578, 2579, 2580, 2581, and 2582, State of Oklahoma v. Donald Lee Friend; that when such proceedings have been held, the findings of the District Court reciting the judgments and sentences rendered therein in the above styled cases should be submitted to this Court; and, that the Warden of Oklahoma State Penitentiary be directed to credit the petitioner herein with the time served under judgments and sentences rendered in Cases # 2578, 2579, 2580, 2581 and 2582 on the 30th day of August, 1961.

IT IS THEREFORE THE ORDER OF THIS COURT, that the petitioner, Donald Lee Friend, be retained in the custody of the Warden of the State Penitentiary at McAlester, and delivered over to the custody of the Sheriff of Wagoner County, or to any person authorized by law to receive said prisoner, and that the petitioner be taken before the District Court of Wagoner County for proper rendition of judgments and sentences.

IT IS THE FURTHER ORDER OF THIS COURT, that the District Judge in and for Wagoner County conduct a nunc pro tunc proceeding determining the charges to which the petitioner entered pleas of guilty and correcting said judgments and sentences.

When the court has concluded its determination in accordance with the procedure as above set forth, and rendered proper judgments and sentences, the district court is directed to submit a written report of said proceedings to this Court, setting forth the findings of the Court, and reciting the judgments and sentences rendered therein in accordance with said findings.

IT IS FURTHER ORDERED that the time served under the judgments and sentences in Cases # 2578, 2579, 2580, 2581 and 2582, now in effect, be credited to the petitioner on the judgments and sentences hereafter rendered by the District Court of Wagoner County in Cases # 2578, 2579, 2580, 2581 and 2582.

When valid judgments and sentences have been rendered in accordance with this opinion, and in compliance with the orders of this court, contained herein, this cause will be dismissed.

NIX and JOHNSON, JJ., concur.