John Taylor QUEEN, Petitioner,

v.

The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, McAlester, Respondent.

No. A–13555.

Court of Criminal Appeals of Oklahoma.

Sept. 9, 1964.

John Taylor Queen, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge:

On the 20th day of July, 1964, there was filed in this Court an instrument styled: Petition for Writ of Habeas Corpus In The State Of Oklahoma Court of Criminal Appeals, In the Matter of John Taylor Queen, and attached to said application was a photostatic copy of a Judgment and Sentence rendered against John Taylor Queen on his plea of guilty to a charge of Rape in the Second Degree in District Court Case #3165, Garfield County, Oklahoma, on the 6th day of April, 1964, and three photostatic copies of Orders of the District Court of Garfield County entered on the 29th day of November, 1963; 17th day of February, 1964 and the 6th day of April, 1964. These Orders respectively appointed Mr. Robert L. Gregory, Mr. Owen Wilson and Mr. James Neal, attorneys to represent John Taylor Queen in the District Court of Garfield County in Case #3165.

Thereafter, and on the 4th day of August, 1964, there was filed by the Attorney General of the State of Oklahoma, a response to the Application for Writ of Habeas Corpus; attached to the said response was a certified copy of the Judgment and Sentence in Case #3165; Criminal Appearance Docket in Case #3165, a transcript of the Court Reporters Notes in the District Court Case #3165, and the prison record of the petitioner. The Attorney General in his response urges that since the trial court had jurisdiction of the subject matter, of the person of the defendant and authority under law to pronounce the sentence imposed, the petition should be dismissed and the relief prayed for denied.

We have carefully examined the record and it appearing that the trial Court had jurisdiction of the subject matter, of the

person of the accused and authority under law to pronounce the sentence imposed, and it further appearing that defendant was represented by counsel, knew and understood the nature and consequences of his plea; and after having entered said plea was advised by the trial court of his right to perfect an appeal to this Court, and said John Taylor Queen having expressly waived his right to appeal, we are of the opinion that the relief prayed for should be and the same is hereby denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.