Ruben J. FLOWERS, Petitioner,

v.

The STATE of Oklahoma and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondent.

No. A–13613.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1965.

Ruben J. Flowers, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collym, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Without the aid of counsel, Ruben J. Flowers filed in this Court his petition for writ of habeas corpus, seeking his release from confinement in the state penitentiary. Rule to show cause was issued, and a response has been filed by the Attorney General on behalf of the respondents.

The petitioner complains that he was convicted on a charge of burglary in the second degree, and sentenced to twenty years in the State Penitentiary, and that the maximum punishment provided by the statute for the crime for which he was convicted is seven years in the penitentiary.

In his response, the Attorney General attaches copies of the information; and on a second sheet attached thereto, charges the defendant as a subsequent offender, alleging numerous prior convictions of this petitioner for felonies, both in Oklahoma and in the State of Texas; and further alleges that appeal was not taken from any of the prior judgments and sentences, and all of them had become final on the date of the filing of the information in the district court of Pottawatomie County, Oklahoma, to-wit: November 15, 1962.

The Attorney General also attaches copy of the minutes of the district court of Pottawatomie County, showing that verdict of the jury was returned and filed February 12, 1963 and on the same day a separate verdict was returned and filed, finding the defendant guilty of burglary in the second degree, after prior conviction of a felony, and assessing his punishment at twenty years in the state penitentiary at McAlester, Oklahoma. Sentence date was set for February 15, 1963, and the minutes of the court on said date show the following:

"The jury having found you guilty of burglary in the second degree, after prior conviction of a felony, the court upholds the verdict of the jury. It is the judgment and sentence of this court that you be confined in the state penitentiary at McAlester for a period of 20 years", etc.

The Attorney General attaches a copy of the journal entry of judgment and sentence, signed by Judge J. Knox Byrum on February 15, 1963, which correctly states that defendant was sentenced to twenty years, having been found guilty of burglary in the second degree, but fails to reflect that this conviction was "after prior conviction of a felony". The Attorney General admits that said journal entry of judgment is defective on its face, but contends that the same is not void.

We are constrained to agree with the Attorney General in that the judgment and sentence on file in defendant's case, No. 6024 in the district court of Pottawatomie County, is defective, but that the same is not void.

It is further the position of the Attorney General that under the circumstances the district court of Pottawatomie County should conduct a nunc pro tunc proceeding, and correct the judgment and sentence based on the jury's findings, and the judgment of the court rendered thereon.

The facts, as stated by the court in passing judgment, show clearly that the defendant was informed against for the crime of burglary in the second degree, after former conviction of a felony; and the record before us shows that the question of former conviction of felony was properly presented to the jury; that defendant was found guilty on both counts, and assessed punishment of twenty years in the state penitentiary. This Court has repeatedly held that the court has the power to make any alteration or correction which is necessary to make its records speak the truth. Ex parte Howlan, 3 Okl.Cr. 142, 104 P. 927; Ex parte Payton, 45 Okl.Cr. 1, 281 P. 597; Friend v. State, Okl.Cr., 379 P.2d 478.

■■ Under the facts herein presented, we find that the district court of Pottawatomie County should conduct a nunc pro tunc proceeding and correct the judgment and sentence entered in case No. 6024, State of Oklahoma v. Ruben J. Flowers, to show that the defendant was found guilty of the crime of burglary in the second degree, after former conviction of a felony, and sentenced therefor; and it is so ordered.

■■ From an examination of the record before us, it appears conclusively that the district court of Pottawatomie County had jurisdiction of the person of the accused and of the offense charged; that when the original court records are corrected, as herein directed, there will be nothing to show lack of jurisdiction in the trial court to pronounce the judgment and sentence of twenty years. No attempt was made to appeal from the judgment and sentence.

Since the Court of Criminal Appeals is without authority to grant the relief sought in the petition, it follows that the petition for writ of habeas corpus should be, and the same is hereby denied.

BUSSEY, P. J., and NIX, J., concur.