John Taylor QUEEN, Appellant,

v.

Ray H. PAGE, Warden, Oklahoma State
Penitentiary, Appellee.

No. 8716.

United States Court of Appeals
Tenth Circuit.

June 17, 1966.

Paul L. Gray, Wichita, Kan., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

This is an appeal from the denial of habeas corpus relief to appellant, a prisoner in the Oklahoma penitentiary. On April 6, 1964, the prisoner was sentenced to a five-year term on his plea of guilty to second degree rape. His application to the Oklahoma Court of Criminal Appeals for habeas corpus was denied. Queen v. State (Okl.Cr.) 395 P.2d 343. He then sought the same relief from the United States District Court for the Eastern District of Oklahoma. That court appointed an attorney for him and conducted an evidentiary hearing at which full opportunity was afforded to the defendant for the presentation of evidence. The court made appropriate findings of fact and denied the petition. No appeal was taken. About eight months later he filed another habeas corpus petition in the same court and it was denied without a hearing. This appeal followed.

With one hereinafter noted exception the grounds asserted in the second application were a repetition of those previously advanced. We have examined the record of the hearing held on the first petition and find that the same grounds were determined adversely to the prisoner, that the prior determination was on the merits, and that the ends of justice would not be served by reaching the merits of the second application. See Sanders v. United States, 373 U.S. 1, 15, 83 S.Ct. 1068, 10 L.Ed.2d 148 and 28 U.S.C. § 2244.

The exception is that the prisoner now claims that his rights were infringed by a change in the date of judgment and start of term without his presence. Sentence was imposed April 6, 1964. The judgment was erroneously dated April 6, 1965. A correction was

made at some time which does not appear in the record. Oklahoma has held that a trial court may at any time correct its records to recite the truth. Flowers v. State (Okl.Cr.) 398 P.2d 161. We have held that such correction is within the province of the state courts and does not create constitutional questions justifying federal habeas relief. Flowers v. State of Oklahoma, 10 Cir., 356 F.2d 916, 917. The prisoner does not claim that the corrected judgment fails to speak the truth.

Affirmed.