## Ex parte BAKER.

No. 21348.   Opinion Filed June 17, 1930.

J. M. Roberts, for petitioner.

J. Berry King, Atty. Gen., and W. H. Brown, Asst. Atty. Gen., for respondent.

CULLISON, J.   This is an original proceeding in this court for a writ of habeas corpus.

The record discloses two informations were filed in the district court of Muskogee coun-

ty, Okla., January 3, 1928, against the petitioner herein, G. D. Baker, charging said petitioner in each case, numbered 4364 and 4365, respectively, with the crime of "forgery in the second degree."

The petitioner was duly arraigned January 3, 1928, before the district court of said county upon said charges, and entered a plea of guilty to each of said charges.

Petitioner, in his application for writ of habeas corpus filed in this court, contends that he is unlawfully restrained and imprisoned, for the following reasons:

That upon entering his plea of guilty to the charges in cases Nos. 4364 and 4365, as stated above, which informations charged petitioner with the crime of "forgery" in the second degree, the district court upon said plea of guilty entered its judgment and sentence, ordering petitioner to be confined in the state penitentiary for terms of two and one-half years in each of cases Nos. 4364 and 4365, said sentences to run concurrently; that the orders of commitments in cases Nos. 4364 and 4365 recite that petitioner pleaded guilty and was sentenced to serve said terms in the state penitentiary for the crime of "burglary" in the second degree; that no crime of "burglary" in the second degree was charged against said petitioner in said informations; that said judgments, sentences, and commitments are not responsive to the issues joined by the informations and pleas in said cases and that said judgments, sentences, and commitments are void; that he is, therefore, illegally restrained and unlawfully imprisoned, and that the writ herein prayed for should issue.

A careful examination of the entire record before this court discloses the true facts in the case to be these:

That notwithstanding said petitioner pleaded guilty to the crime of second degree "forgery" in cases Nos. 4364 and 4365, as charged in the informations, and was sentenced by the trial court in the aforesaid cases for forgery in the second degree, the clerk of said court in drafting the commitments for the imprisonment of said petitioner upon said judgments, by error, mistake, or inadvertence, stated in the commitments that the petitioner was sentenced for the crime of "burglary" in the second degree, That, thereafter, the county attorney of Muskogee county, upon discovering such clerical error in said commitments, filed application in the district court of said county, in cases Nos. 4364 and 4365, for an order directing the court clerk of said court to issue corrected orders of commitments in the above actions; that the district court pursuant to such application did make and enter said order in said cases directing the court clerk to issue corrected commitments in each of the above cases; that immediately thereupon the court clerk issued corrected commitments in each of said cases and dated same as of January 3, 1928, the date upon which petitioner was sentenced in said cases.

In view of this state of the record it is clear to us that the petitioner is not illegally restrained or imprisoned, but is held and imprisoned in strict accordance with a valid judgment and sentence of the district court of Muskogee county.

It was clearly within the jurisdiction and power of the trial court to order the commitments in cases Nos. 4364 and 4365 corrected to speak the truth.

The Criminal Court of Appeals of Oklahoma, in Ex parte Earl Martindale (Okla. Cr.) 287 Pac. 740, held:

"Where the information charges the offense of robbery and all the proceedings leading up to the rendition of the verdict were regular and the verdict itself was a valid verdict finding the defendant guilty of robbery as charged in the information, and where the defendant is sentenced by the trial court to imprisonment in the penitentiary for 25 years for robbery, but where the journal entry of judgment prepared by the clerk erroneously recites that the defendant was found guilty by the jury of the crime of stealing an automobile, and the validity of said judgment is attacked in a habeas corpus proceeding, and where the error complained of is merely a clerical error, it is proper practice for the county attorney to apply to the district court of the county where the case was tried, for a nunc pro tunc order directing the court clerk to correct the record to speak the truth as to the crime upon which judgment and sentence was pronounced; such correction, when so made, relates to the time when the proceedings were in fact had and makes valid that which was apparently defective."

The error herein complained of being merely a clerical error, it was clearly within the jurisdiction of the district court of Muskogee county, upon proper application by the county attorney, to issue an order directing the court clerk to correct the record to speak the truth as to the crime upon which judgment and sentence was pronounced.

It, therefore, follows that the petitioner is not illegally restrained or imprisoned, but is held and imprisoned in strict accordance

with a valid judgment and sentence of the district court of Muskogee county.

Under the facts and law of this case, the petitioner is not entitled to be discharged, but is entitled to credit for all the time he has already served in the penitentiary upon the judgments and sentences in the above cases.

For the reasons stated, the writ is denied, and the warden is directed to compute the time of service of petitioner from the date he was first received at the state penitentiary.

LESTER, V. C. J., and CLARK, HEFNER, SWINDALL, and ANDREWS, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.