

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 6, 1939

Mr. Homer Garrison
Director, Department
of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-903
Re: The Department of Public
Safety is authorized to
buy a boat for law en-
forcement purposes, and
pay for the same out of
its appropriations.

This is in answer to your request for an opinion,
dated May 30, 1939, in which you say:

"This Department received an opinion
under date of March 25, 1939, addressed to
Mr. James L. Dikes, Secretary, Texas Pub-
lic Safety Commission, and signed by George
P. Kirkpatrick, Assistant Attorney General,
in which it was held that the waters of
Lakes Caddo, Medina, Buchanan, Inks and
Marshall Ford were public waters, and this
Department had the authority and was charged
with the duty of enforcing the Penal Laws of
this State, as well as educating the citi-
zens in this State in public safety on the
waters of the above-mentioned lakes.

"Pursuant to this opinion, we have en-
deavored to so enforce the Penal Laws and
educate the public on safety matters with
reference to the use of waters in the men-
tioned lakes, but have found that this work
necessitates, the use of a boat. We, there-
fore, request an opinion from your Depart-
ment as to whether any funds appropriated

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

to this Department can be spent for the purpose of purchasing a motor boat to be used for the purposes set out, and if this is answered in the affirmative, which of the several funds appropriated can legally be spent in this manner."

The authority of the Department of Public Safety is found in Articles 4413(1), 4413(2) and 4413(4), Revised Civil Statutes of Texas, which read in part as follows:

"Art. 4413(1). There is hereby created a Department of Public Safety of the State of Texas, hereinafter designated as 'the Department,' in which is vested the enforcement of the laws protecting the public safety and providing for the prevention and detection of crime. The Department shall have its principal office and headquarters in the City of Austin, where all of its records shall be kept. (Acts 1935, 44th Leg., p. 444, ch. 181, § 1.)

"Art. 4413(2). The control of the Department is hereby vested in the Public Safety Commission, hereinafter designated as 'the Commission,' which Commission shall consist of three citizens of this State. * * *

"Art. 4413(4). The Commission shall formulate plans and policies for the enforcement of the criminal laws and of the traffic and safety laws of the State, the prevention of crime, the detention and apprehension of violators of the laws, and for the education of the citizens of the State in the promotion of public safety and law observance."

The above-quoted articles clearly authorize the use of a boat if such is necessary in preventing crime, detecting and apprehending law violators, and educating citizens in public safety and law observance; and the De-

partment of Public Safety could purchase a boat with the money appropriated for its support and maintenance if the appropriation is broad enough to cover such a purchase. We think such a purchase is authorized by the General Appropriation Bill for the two-year period ending August 31, 1939, known as Senate Bill No. 138, ch. 504, p. 1382, 45th Leg., 1927, wherein it provides an annual appropriation for the Department of Public Safety, Main Division, designated as item 29, as follows:

> "Postage, office supplies, and equipment, other supplies and equipment, arms, wire communication, stationery, printing, maintenance and contingent expenses, hospitalization and medical services when injured in line of duty; and funeral expenses when killed in action; surety bonds, books, all necessary expenses of operating a police training school at Camp Mabry for training peace officers generally and members of this Department and any other necessary departmental operating expenses, including initial equipment......$50,000.00"

We have underscored the word "equipment", which appears twice in the above-quoted appropriation; and we think "equipment" includes a boat if such is necessary to carry out the duties of the department. In fact, the last words of the above-quoted part of the appropriation are: "....other necessary departmental operating expenses, including initial equipment...."

Let us consider what the word "equipment" means: In Bouvier's Law Dictionary (Rowle's 3d Revision) it is defined as follows:

> "Furnishings for the required purpose."

In the case of Oliver v. State, 110 Tex. Crim. R. 263, 8 S. W. (2d) 184, the Court of Criminal Appeals of Texas, quoting partly from a Washington Supreme Court case, said:

> ".....'materials' include such articles as enter into and form a part of the finished product; while 'equip-

mŝnt' imports 'the outfit necessary to
enable the contractor to perform the
agreed service, the tools, implements,
and appliances which might have been
previously used might be subsequent-
ly used by the contractor in carrying
on other work of like character.'...."

In the case of Gleim v. Steamboat Belmont, 11 Mo. 112, it
was held that a river barge was part of the equipment of
a steamboat within the meaning of the statute concerning
suits for equipment furnished to steamboats, and the Su-
preme Court of Missouri said:

"If a barge becomes necessary in
navigating a boat, and one is hired
for that purpose, there is no reason
why it should not be considered as a
material furnished for her equipment.
...."

In the case of Dorsett v. State, 144 Okla. 33, 289 Pac.
298, the Supreme Court of Oklahoma held that an automobile
was "equipment" within the meaning of the statute authoriz-
ing the purchase of equipment by the State Highway Commiss-
ion.

The above-cited cases clearly show that a boat
would be considered as equipment. The appropriation author-
izes the buying of the necessary equipment. In the case
of Terrell v. Sparks, 104 Tex. 191, 135 S. W. 519, the Supreme
Court of Texas, while discussing an official's authority
under an appropriation bill, quoted from Sutherland on
Statutory Construction, as follows:

"....'Whenever a power is given
by statute, everything necessary to
make it effectual or requisite to at-
tain the end is implied. It is a well-
established principle that statutes
containing grants of power are to be
construed so as to include the author-
ity to do all things necessary to ac-
complish the object of the grant. The
grant of an express power carried with
it by necessary implication every other
power necessary and proper to the exe-
cution of the power expressly granted.

> Where the law commands anything to be
> done, it authorizes the performance
> of whatever may be necessary for exe-
> cuting its commands.'"

It is our opinion that the Department of Public
Safety has the authority to buy a boat, if such is neces-
sary in preventing crime, detecting and apprehending law
violators, and educating citizens in public safety and
law observance; and the money appropriated in item 29 of
the Department of Public Safety appropriation (Senate Bill
No.138, 45th Leg. 1937) may be used for the purpose of
purChasing said boat.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Cecil C. Rotsch
Assistant

CCR/MR

APPROVED:

ATTORNEY GENERAL OF TEXAS

APPROVED
Opinion
Committee
By H.Q.B.
Chairman

O.K.
G.R.T.